IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. JOHNSON, | No. CIV S-08-0132-MCE-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| ARNOLD SCHWARZENEGGER, et al., | |
| Defendants. | |
| _____/ | |

      Plaintiff, a state prisoner proceeding pro se, has filed a complaint alleging that the State of California, including Governor Schwarzenegger, has erroneously applied state law that has him confined him to a life sentence.  Plaintiff is asking for declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202.

      Plaintiff was convicted of robbery in 1995 for which he received a sentence of 25 years to life, with the possibility of parole.[1]  He is claiming "the State of California is illegally using its habitual criminal statues illegally in certain cases and aggravating prior conviction(s) as

---

[1] Plaintiff claims he received a 30-year sentence.  However, reviewing the abstract of judgment plaintiff attached to his complaint, it appears he actually received an indeterminate sentence of 25-years to life.

1

a result." (Complaint at 1 of 44). He states he is not challenging his conviction but rather the "application of the state law that has him confined to a life sentence." (Id.) He seeks:

> "Declaratory Relief" by way of a sentence modification by vacating the current judgment that his single prior conviction is two "strike" prior convictions . . . [and] re-sentence Plaintiff to the appropriate term of that of a second "striker," which would be 15 years with 20 percent good time credit as he is not a violent offender, and only has one prior 'serious felony' conviction which would double the current term of 10 years plus a five year enhancement, totaling 15 years respectfully. (Complaint at 40 of 44).

The court opened and docketed the present case as a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff specifically states this is not a habeas action pursuant to 28 U.S.C. § 2254, because he is time barred from bringing a habeas action by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. § 2244(d). Plaintiff's filing suggests it is a civil action not a habeas petition in several ways. He calls himself plaintiff and refers to the opposing parties as the defendants; he is asking for declaratory relief which is a civil type of relief; and he is asking the court to address constitutional and civil rights issues. Therefore, the court finds this case was properly opened and docketed as a civil rights action under § 1983 for declaratory relief.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1 rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege
2 with at least some degree of particularity overt acts by specific defendants which support the
3 claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is
4 impossible for the court to conduct the screening required by law when the allegations are vague
5 and conclusory.

## I. BACKGROUND

Plaintiff's complaint raises issues relating to the sentence he received from a state court conviction. Specifically, he claims the state is applying its habitual criminal statutes incorrectly, in violation of his Fourteenth Amendment rights to equal protection and due process, and in violation of ex post facto laws. He claims his "prior conviction(s) are being aggravated to a more severe penalty because a prior conviction that is normally treated as one, is now being split into two individual 'strike' priors, resulting in a life sentence." (Complaint at 9 of 44). It appears that plaintiff has a prior conviction the state used to enhance the sentence he received for the 1995 robbery conviction. According to plaintiff's argument, the prior conviction the state is using to enhance his sentence was only one conviction involving multiple counts. These multiple counts were not brought and tried separately, but were brought and tried together, and therefore constitute one "strike" not two. He further claims that if the state had properly calculated his prior conviction as one strike, he would only have been subjected to a five year enhancement instead of a life sentence. He is requesting this court modify his sentence to a term of 15 years (10 years plus an additional five year sentence enhancement for his one prior conviction).

## II. DISCUSSION

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda,

3

131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing); cf. Neal, 131 F.3d at 824 (concluding that § 1983 claim was cognizable because challenge was to conditions for parole eligibility and not to any particular parole determination).  If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

        Although plaintiff specifically states he is not bringing this action as a habeas corpus petition under 28 U.S.C. § 2254, he seeks a determination that his sentence was incorrectly calculated and he is entitled to an earlier release from prison.  His alleged constitutional violations would necessarily imply the invalidity of the his sentence.  Such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  Plaintiff has not alleged that his sentence has been invalidated by any proceeding.  As such, plaintiff's claims are not cognizable

under 42 U.S.C. § 1983 and his sole federal remedy is a petition for a writ of habeas corpus. Although he claims he is time barred from bringing a petition for a writ of habeas corpus, that does not give this court jurisdiction to hear his claims as a § 1983 case.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's complaint be dismissed, without prejudice for whatever relief plaintiff may have sounding in habeas, and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE